UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES WARNER MITCHELL,

        Plaintiff,                                 Civil Action No. 20-13414

vs.                                               HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,[1]

        Defendant.

_____/

**OPINION & ORDER
(1) SUSTAINING DEFENDANT'S OBJECTIONS (Dkt. 19), (2) ADOPTING IN PART AND REJECTING IN PART THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (R&R) (Dkt. 18), (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 15), (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 17), AND (5) AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff James Mitchell first applied for disability insurance benefits (DIB) and supplemental security income (SSI) in July 2016. R&R at 1 (Dkt. 18). In October 2018, Administrative Law Judge (ALJ) Crystal White-Simmons denied Mitchell's claim, finding that he was not disabled through the date of that decision. Id. at 2. In 2019, Mitchell again applied for DIB and SSI, alleging disability for a new period (starting in January 2019). Id. In July 2020, a new ALJ, Therese Tobin, issued a decision finding that Mitchell was not disabled at any time from January 2019 through the date of the decision. Id. In December 2020, the Appeals Council denied review of ALJ Tobin's decision, making the decision final. Mitchell sought judicial review of this final determination, and the matter was referred to Magistrate Judge Patricia T. Morris for an R&R.

Mitchell filed a motion for summary judgment (Dkt. 15), arguing that ALJ Tobin's residual

---

[1] This lawsuit was brought against the prior Commissioner of Social Security, Andrew Saul. Subsequently, Kilolo Kijakazi became the Acting Commissioner of Social Security.

functional capacity (RFC) findings are not supported by substantial evidence. The Commissioner also filed a motion for summary judgment (Dkt. 17), asking the Court to affirm the Commissioner's decision on the grounds that its decision is supported by substantial evidence. Magistrate Judge Morris found that ALJ Tobin's RFC findings were supported by substantial evidence. R&R at 30. However, Magistrate Judge Morris also concluded that ALJ Tobin considered herself bound by ALJ White-Simmons's prior findings, in violation of Earley v. Commissioner of Social Security, 893 F.3d 929 (6th Cir. 2018). Id. at 30–37. Consequently, ALJ Tobin applied the wrong legal standard and "adopted the prior ALJ's findings without meaningfully considering any new evidence that supported a different conclusion." Id. at 30. Accordingly, the magistrate judge recommends that the Court grant Mitchell's motion, deny the Commissioner's motion, and remand the decision. Id. at 37.

The Commissioner timely filed an objection to the R&R (Dkt. 19), arguing that although ALJ Tobin stated the incorrect legal standard, she "nevertheless complied with Earley v. Commissioner of Social Security by giving the evidence a 'fresh look,'" id. at 1. Mitchell did not file a response to the Commissioner's objection, and the deadline to do so has now passed. For the following reasons, the Court sustains the Commissioner's objection, adopts in part and rejects in part the recommendation contained in the R&R, denies Mitchell's motion, grants the Commissioner's motion, and affirms the Commissioner's decision.

I. ANALYSIS

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." Ealy v. Comm'r of Soc.

2

Sec., 594 F.3d 504, 512 (6th Cir. 2010) (punctuation modified). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (punctuation modified). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the ALJ." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

Here, the magistrate judge found that ALJ Tobin's decision was supported by substantial evidence, and neither party has filed an objection to this portion of the R&R. Rather, the Commissioner's objection concerns the application of res judicata to Social Security proceedings. Until 2018, the leading case on res judicata in this Circuit was Drummond v. Comm'r of Soc. Sec., 126 F.3d 837 (6th Cir. 1997). Drummond established the rule that "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." Id. at 842. The Social Security Administration (SSA) acquiesced to this ruling for cases arising within this Circuit. See SSA Acquiescence Ruling (AR) 98-4(6), 1998 WL 274052 (June 1, 1998). Under Drummond's approach, res judicata bound the Commissioner "as to the claimant's disability during the closed period, as well as [his or] her non-disability after and before the closed period." Gaines v. Comm'r of Soc. Sec., No. 1:16-cv-12793, 2017 WL 2129686, at *8 (E.D. Mich. April 4, 2017) (emphasis omitted), R&R adopted by 2017 WL 2117990 (E.D. Mich. May 16, 2017).

Drummond was significantly narrowed by Earley, which clarified that Drummond "overstate[d]" how res judicata applied to subsequent applications. Earley, 893 F.3d at 933.

3

Specifically, res judicata bars subsequent applications only "for the same period of time" that was considered in a prior application. Id. Thus, "[a]n individual may file a second application—for a new period of time—for all manner of reasons and obtain independent review of it so long as the claimant presents evidence of a change in condition or satisfies a new regulatory condition." Id. at 932. As a result, the current rule on res judicata in this Circuit is that res judicata does not "prevent the agency from giving a fresh look to a new application containing new evidence or satisfying a new regulatory threshold that covers a new period of alleged disability while being mindful of past rulings and the record in prior proceedings." Id. at 931.[2]

Here, Mitchell's current application for benefits covers a period of time not considered by the prior ALJ; thus, ALJ Tobin was not constrained by the prior ALJ's assessment in fashioning an RFC for the period at issue. Id. However, ALJ Tobin stated her belief that, absent new and material evidence, she was bound to adopt ALJ White-Simmons's findings regarding Mitchell's application for DIB and SSI for an earlier period of alleged disability. Soc. Sec. Admin Rec. Doc. Continuation No. 003 at PageID.57 (Dkt. 10-2) (citing AR 98-4(6)). Ultimately, ALJ Tobin declined to adopt the prior RFC outright. Upon finding that the record contained new and material evidence that supported a more restrictive RFC, ALJ Tobin added several limitations to the prior RFC. Id. at PageID.62.

The magistrate judge concluded that ALJ Tobin stated the wrong legal standard. R&R at 34. Further, "[a]lthough the present ALJ found that the record contained new and material evidence that justified a departure from the prior ALJ's findings, she did not specify which parts of the prior ALJ's RFC she felt free to depart from," thereby failing to "'giv[e] a fresh look'" to

---

[2] To be clear, this rule does not prevent an ALJ from considering a prior ALJ's findings. "[A]bsent new and additional evidence, the first administrative law judge's findings are a legitimate, albeit not binding, consideration in reviewing a second application." Earley, 893 F.3d at 933.

4

Mitchell's RFC during the period after ALJ White-Simmons's decision. R&R at 34 (quoting Earley, 893 F.3d at 931).

It is undeniable that ALJ Tobin stated the wrong legal standard. However, the inquiry does not end there. Rather, the Court must ask whether ALJ Tobin, "despite purporting to follow Drummond, gave the evidence a fresh look" as required by Earley; "[i]f so, then the ALJ's decision satisfie[s] Earley; if not, then remand [i]s appropriate." Harris v. Comm'r of Soc. Sec., No. 2:20-cv-4356, 2021 WL 3615721, at *4 (E.D. Ky. Aug. 16, 2021) (punctuation modified); see also Jones v. Comm'r of Soc. Sec., No. 2:20-cv-3844, 2021 WL 3204499, at *5 (S.D. Ohio July 29, 2021).[3]

ALJ Tobin provided the necessary fresh look. For one thing, she stated that she reached her decision "[a]fter careful consideration of all the evidence," and she also stated that was justified in "not adopting the residual functional capacity from the previously adjudicated period." Soc. Sec. Admin Rec. Doc. Continuation No. 003 at PageID.58, 63. Such statements are a positive sign of an ALJ's fresh look. Sadler v. Comm'r of Soc. Sec., No. 18-11689, 2019 WL 4892419, at *6 (E.D. Mich. Aug. 16, 2019), R&R adopted sub nom. Sadler v. Saul, 2019 WL 4627035 (E.D. Mich. Sept. 24, 2019) (noting that the ALJ gave the evidence a fresh look where the ALJ noted that "all of the new evidence has been considered in evaluating the claimant's residual functional

---

[3] Courts initially applied this test to pre-Earley ALJ decisions. See, e.g., Balknight v. Comm'r of Soc. Sec., No. 18-11843, 2019 WL 4011881, at *14 (E.D. Mich. July 31, 2019), R&R adopted by 2019 WL 3997146 (E.D. Mich. Aug. 23, 2019) ("Courts applying Earley to ALJ decisions issued before that case . . . have asked whether the ALJ, despite purporting to follow Drummond, gave the new evidence a fresh look."). There is no reason to limit application of this test to pre-Earley ALJ decisions. The Court's review focuses on whether the Commissioner's decision "was made pursuant to proper legal standard," Ealy, 594 F.3d at 512; in other words, the Court is less concerned as to whether the ALJ merely stated the wrong legal standard, and more concerned as to whether the ALJ applied the wrong legal standard. While a post-Earley ALJ's recitation of the pre-Earley standard raises a yellow flag, it is nevertheless possible that such a post-Earley ALJ decision could functionally comply with Earley if the ALJ gave the evidence a fresh look.

capacity since the alleged onset date") (punctuation modified).

Moreover, at the second step of the disability analysis, ALJ Tobin accounted for developments in Mitchell's medical condition since the prior decision, as evidenced by the fact that she found several of Mitchell's impairments to be severe, although ALJ White-Simmons had not found these impairments to be severe: gastritis and duodenitis, cerebrovascular accident, essential hypertension, and hyperlipidemia. Compare id. at PageID.60, with Soc. Sec. Admin Rec. Doc. Continuation No. 004 at PageID.102 (Dkt. 10-3). ALJ Tobin also recognized one entirely new impairment (cerebrovascular accident) as severe. Soc. Sec. Admin. Rec. Doc. Continuation No. 003 at PageID.60. The addition of severe impairments not included in the prior ALJ's decision is a strong indication that the current ALJ conducted a fresh look of the evidence. See Sadler, 2019 WL 4892419 at *6.

Perhaps most importantly, ALJ Tobin's analysis of Mitchell's RFC for the relevant period (beginning in January 2019) reveals that she did not blindly defer to ALJ White-Simmons's prior findings. First, ALJ Tobin explained why she adopted many of the same limitations as ALJ White-Simmons. For instance, ALJ Tobin noted that a state agency medical consultant "prepared a physical medical source statement regarding the claimant dated June 25, 2019" and "found that the claimant could perform work activity at the light exertional level and adopted the prior ALJ decision." Soc. Sec. Admin Rec. Doc. Continuation No. 003 at PageID.66. That medical consultant considered Mitchell's treatment since the prior decision, including treatment for new episodes of vertigo. Soc. Sec. Admin Rec. Doc. Continuation No. 004 at PageID.124–131 (noting that "new evidence was presented which didn't support significant improvement or worsening in claimant's condition since [prior] ALJ decision. New evidence was received; however, [it is] not material to require change to [the decision of the prior] ALJ. . . . The totality of the medical

6

evidence in the file supports claimant's ability to engage in work activity as indicated on the previously adjudicated ALJ RFC"). This shows that even though ALJ Tobin adopted some of the same limitations as the prior ALJ, ALJ Tobin gave the evidence an independent look before doing so. See Sadler, 2019 WL 4892419, at *6 (explaining that although the ALJ's decision was framed as adopting the prior RFC, a review of the ALJ's decision revealed that the ALJ "did not simply rely on principles of res judicata"); Reid v. Comm'r of Soc. Sec., No. 18-12871, 2020 WL 2542061, at *4 (E.D. Mich. May 19, 2020) (finding that an ALJ's adoption of a previous ALJ's RFC where "the evidence [did] not show a material change in the claimant's condition during the period since the prior decision was issued" was an "appropriate . . . fresh look as required by Earley . . .") (punctuation modified).

Second, ALJ Tobin explained her reasons for including additional limitations in the RFC. She noted that although "the record shows that many of the claimant's impairments from the prior decision have remained stable," the "objective evidence" also indicated that he experienced "some limitation . . . including the need for a sit/stand option and assistive device; diabetes with neuropathy; potential symptoms of kidney disease, hypertension, hyperlipidemia and gastritis; and any concentration or maintaining pace difficulties due to depression and bipolar disorder." Soc. Sec. Admin Rec. Doc. Continuation No. 003 at PageID.65. ALJ Tobin also "note[d] evidence received at the hearing level documenting a stroke in November 2019 supports the addition of a sit/stand option and need for an assistive device." Id. at PageID.66.

Third, ALJ Tobin explained why the evidence from the relevant period did not support a finding of greater limitations. For example, she stated that "[t]he record does not demonstrate the significant[] reflex abnormalities, motor weakness, neurological deficits, or sensation loss that are associated with intense and disabling symptoms"; "the severity of [Mitchell's] . . . alleged residual

7

balance issues, vision issues, and memory issues are not supported by the medial records"; and "[t]he record also does not contain the level of abnormal psychiatric signs of mood, affect, thought, memory, orientation, and contact with reality that are normally associate with intense and disabling psychiatric symptoms." Id. at PageID.65.

In light of the foregoing, the Court is satisfied that despite ALJ Tobin's incorrect statement of the applicable legal standard, she gave the evidence a fresh look. As a result, the Court finds that ALJ Tobin complied with the mandates of Earley.

## II. CONCLUSION

For the above-stated reasons, the Court sustains the Commissioner's objection (Dkt. 19). Accordingly, the Court adopts the magistrate judge's recommendation that the Court find that the Commissioner's decision is supported by substantial evidence, but it rejects the magistrate judge's recommendation that the Court find that ALJ failed to comply with Earley's dictates. Further, the Court denies Mitchell's motion (Dkt. 15), grants the Commissioner's motion (Dkt. 17), and affirms the Commissioner's decision.

SO ORDERED.

Dated: January 28, 2022  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge